UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUNNY SIMEON DALAN, et al.,<br><br>   Plaintiffs,<br><br>   vs.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>   Defendants. | Case No: C 09-3877 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Docket No. 9] |

The parties are presently before the Court on Defendants' Motion to Dismiss.[1] The motion is unopposed. Having read and considered the papers submitted in connection with these matters, and being fully informed, the Court hereby GRANTS the motion to dismiss for the reasons set forth below. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates this matter without oral argument.

I. **BACKGROUND**

On August 24, 2009, Plaintiffs Sunny Simeon Dalan and Thelma Dalan, acting pro se, filed the instant action against Defendants. The Complaint alleges numerous violations of state and federal laws with respect to Plaintiffs mortgage loan, both as to its origination and servicing. On November 9, 2009, Defendants filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), which is scheduled for hearing on February 9, 2010. To date, no opposition has been filed nor has the Court received any other communication from Plaintiff.

II. **DISCUSSION**

The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in accordance with the district court's local rules is grounds for granting the motion. Ghazali v.

---

[1] Defendants are Countrywide Home Loans, Inc., Bank of America, N.A., ReconTrust Company, N.A., and Mortgage Electronic Systems, Inc.

Moran, 46 F.3d 52, 53 (9th Cir. 1995); see Fed.R.Civ.P. 41(b).  In Ghazali, the Ninth Circuit held that in exercising its discretion to dismiss an action for failing to comply with a district court's local rules, the court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).  Upon balancing the Ghazali factors under the facts of this case, the Court finds that dismissal is warranted.

The first and second factors both favor dismissal.  Under Local Rule 7-3, Plaintiffs were obligated to file their opposition to Defendants' motion by January 19, 2010 (i.e., 21 days prior to the hearing on the motion).  In contravention of the Court's Local Rules, Plaintiffs failed to respond to the motion, which inherently delays resolution of the case and insures to the detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to Defendants, is related to the strength of the plaintiff's excuse for the default, if any.  See Yourish, 191 F.3d at 991.  Here, Plaintiffs have offered no "excuse" for their non-compliance, nor is any apparent from the record.  Given that Defendants filed their motion over two months ago, Plaintiffs have had ample opportunity to prepare and file a response to the motion.  These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.")

1 | Finally, the Court has considered less drastic alternatives to dismissal.  The Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the motion.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  <u>Ferdik</u>, 963 F.2d at 1262; <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994) ("We conclude that because Brydges was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment.").

### III.   CONCLUSION

Weighing the relevant factors, the Court exercises its discretion and grants Defendants' unopposed motion to dismiss pursuant to Rule 41(b).  For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is GRANTED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 2/4/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SUNNY SIMEON DALAN et al,

       Plaintiff,

  v.

COUNTRYWIDE HOME LOANS et al,

       Defendant.
                                    /

Case Number: CV09-03877 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 5, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sunny Simeon Dalan
288 Northampton Drive
American Canyon, CA 94503

Thelma Dalan
288 Northampton Drive
American Canyon, CA

Dated: February 5, 2010

                                       Richard W. Wieking, Clerk

                                               By: LISA R CLARK, Deputy Clerk